**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| The Prudential Insurance Company of America,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>Nathan P. Goodiron, individually and as Trustee of a Trust for the Benefit of the Children of Nathan J. Goodiron, Harriet Goodiron, Eileen Goodiron, Cooper Goodiron, a minor, Alexander Alberts, a minor, and Joely Alberts, a minor,<br><br>　　　　Defendants. | **AMENDED ORDER GRANTING DEFENDANT EILEEN GOODIRON'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT NATHAN P. GOODIRON'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 4:08-cv-033 |

_____

　　　　This case was originally commenced in the United States District Court for the District of New Jersey before it was transferred to this Court on March 10, 2008. See Docket No. 19. Before the Court is defendant Eileen Goodiron's motion for summary judgment filed on March 4, 2008, and defendant Nathan P. Goodiron's motion for summary judgment filed on May 21, 2008. See Docket Nos. 16 and 25. For the reasons set forth below, the Court grants Eileen Goodiron's motion for summary judgment and denies Nathan P. Goodiron's motion for summary judgment.

**I.　　BACKGROUND**

　　　　Nathan J. Goodiron (decedent) was a member of the United States Army when he was killed on November 23, 2006, while serving in Afghanistan. Defendants Nathan P. Goodiron and Harriet Goodiron are the decedent's parents. Defendant Eileen Goodiron married the decedent on November 29, 2005, and remained married to him at the time of his death on November 23, 2006. Eileen Goodiron and Nathan P. Goodiron agree that defendants Cooper Goodiron, Alexander

Alberts, and Joely Alberts are not the decedent's children, and that the decedent did not have any biological or adopted children at the time of his death.

The plaintiff, The Prudential Insurance Company of America, is a life insurance company organized and existing under the laws of New Jersey. Prudential, through the Office of Servicemembers' Group Life Insurance, provides life insurance to members of the United States armed forces in accordance with the terms of a group policy and federal law. On March 14, 2006, the decedent completed a Servicemen's Group Life Insurance Election and Certificate in which he named as his principal beneficiary, "My Trustee Nathan P. Goodiron . . . to Fund a Trust Established for the Benefit of My Children Under My Will." Eileen Goodiron was designated as a contingent beneficiary. At the time of his death, the decedent was insured under the group policy for $400,000.00. It is undisputed that the full amount of death benefits under the group policy is due and payable to the appropriate beneficiary or beneficiaries.

On February 13, 2007, Nathan P. Goodiron submitted an affidavit to the Office of Servicemembers' Group Life Insurance in which Goodiron indicated that the decedent had appointed him to have a durable power of attorney and that the decedent had instructed Nathan P. Goodiron to carry out the decedent's wishes in the event of his death. In the affidavit, Nathan P. Goodiron stated as follows:

> It is these verbal instructions asking me to carry out his requests that constitute the words "Will" in his military and or insurance policies.
>
> [There is no written document referred to as a written agreement. I, Paul Goodiron, will be establishing and distributing his benefits, according to Nathan Joel Goodiron's wishes.]

See Docket No. 1-11 (emphasis and brackets in original).

2

Prudential initiated an interpleader action on April 26, 2007, in federal court in New Jersey. See Docket No. 1. Prudential requested, among other things, that the District Court of New Jersey order all of the Defendants to interplead their rights to the proceeds of the life insurance policy and discharge Prudential from all liability upon deposit of the policy proceeds with the court.

On June 5, 2007, Eileen Goodiron filed an answer to the interpleader complaint; a cross-claim against Nathan P. Goodiron, Harriet Goodiron, Cooper Goodiron, Alexander Alberts, and Joely Alberts; and a counterclaim against Prudential. See Docket No. 5. Prudential filed an answer to the counterclaim on June 8, 2007. See Docket No. 6. On September 4, 2007, Nathan P. Goodiron filed an answer to the interpleader complaint. See Docket No. 10. On October 19, 2007, Prudential filed a motion for summary judgment. See Docket No. 12. On February 27, 2008, Judge Stanley R. Chesler of the District of New Jersey granted Prudential's motion for summary judgment to the extent that:

> (1) Plaintiff is directed to deposit the Policy proceeds at issue with the Court; (2) Defendants are required to interplead their rights to such sum; (3) Defendants are restrained from instituting any action against Plaintiff to recover the sum; and (4) Plaintiff is discharged from all liability to Defendants with respect to the Policy proceeds at issue in this case . . . .

See Docket No. 14. The court also ordered that venue be transferred to the District of North Dakota. See Docket No. 14. On March 4, 2008, Prudential deposited the sum of $419,373.54 with the federal district court in New Jersey. See Docket No. 15. On March 10, 2008, venue was transferred to the District of North Dakota. See Docket No. 19. On April 1, 2008, this Court ordered that the proceeds of the policy, $419,373.54 be deposited in an interest bearing account with the U.S. Bank, Bismarck, North Dakota. See Docket No. 22.

## II.     STANDARD OF REVIEW

Eileen Goodiron and Nathan P. Goodiron each filed motions for summary judgment. In Eileen Goodiron's motion, she also moves the Court to dismiss Prudential's interpleader complaint and Nathan P. Goodiron's answer. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that when matters outside the pleadings are presented, the motion shall be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). Matters outside the pleadings include any written or oral evidence in support of, or in opposition to, the pleadings that do not only reiterate what is set forth in the pleadings. Eileen Goodiron has presented matters outside the pleadings, including a copy of a marriage license from the State of North Dakota as verification that the decedent and Eileen Goodiron were legally married, a copy of the Report of Casualty from the Department of the Army to verify the death of the decedent, a copy of the decedent's Servicemen's Group Life Insurance Election and Certificate, and a copy of an Order issued by the Fort Berthold District Court declaring that the decedent is not the father of defendant Cooper Goodiron, now known as Cooper Stiffarm. Because Eileen Goodiron has presented matters outside of the pleadings, her motion will be treated as a summary judgment motion.

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(c). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party.

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Machinery, Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the burden of demonstrating an absence of genuine issues of material fact. Simpson v. Des Moines Water Works, 425 F.3d 538, 541 (8th Cir. 2005). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### III.   LEGAL DISCUSSION

The threshold issue is who is entitled to the life insurance proceeds under the decedent's Servicemembers' Group Life Insurance policy. The order of precedence for payment under the Servicemembers' Group Life Insurance policy is governed by 38 U.S.C. § 1970. The first payee is "the beneficiary or beneficiaries as the member or former member may have designated by a writing received prior to death . . . in the uniformed services if insured under Servicemembers' Group Life Insurance . . . ." 38 U.S.C. § 1970(a). If there is no such beneficiary, the widow or widower is entitled to the proceeds. Id. The servicemember's designation of the beneficiary must be in writing and received by the Federal Government in order to be effective. See Stribling v. United States, 419 F.2d 1350, 1353 (8th Cir. 1969).

The Servicemen's Group Life Insurance Election and Certificate is the only written document that the parties have provided which evidences the decedent's intent as to the designated

5

beneficiaries under the policy. Prior to his death, the decedent executed the Servicemen's Group Life Insurance Election and Certificate in which he designated a principal beneficiary and a contingent beneficiary. The decedent designated the principal beneficiary as "My Trustee Nathan P. Goodiron . . . to Fund a Trust Established for the Benefit of My Children Under My Will." Eileen Goodiron was designated as the contingent beneficiary.

It is undisputed that the decedent was not the father of any children born prior to or after his death on November 23, 2006. It is also undisputed that the decedent, Nathan J. Goodiron, died intestate. The parties essentially disagree as to the legal consequence of these undisputed facts. Eileen Goodiron contends that a valid trust was never created because there were no "children" to benefit from the establishment of a trust nor was there a written will left by the decedent. Eileen Goodiron contends that because Nathan P. Goodiron was designated as the principal beneficiary in a representative capacity as trustee rather than in an individual capacity, the principal designation fails because of the invalidity of the trust. Eileen Goodiron argues that the principal beneficiary designation fails because the decedent died without having ever executed a valid written will.

The decedent's father, Nathan P. Goodiron, contends that even though the decedent did not have any biological or adopted children at the time of his death, he is nevertheless entitled to be paid the death benefits under the policy as the principal beneficiary. Nathan P. Goodiron concedes that the decedent had no written will, but he argues that under Native American tradition and custom, a will can be verbal, and the decedent's verbal instructions to him constituted a "will" in which Nathan P. Goodiron was directed to "carry out [the decedent's] wishes" in the event of his death. See Docket Nos. 1-11, and 25, ¶ 6.

6

### A.     STATUS OF NATHAN P. GOODIRON

Nathan P. Goodiron contends that he is entitled to the entire life insurance proceeds in the amount of $400,000.00 plus interest.  Goodiron contends that he was designated as the principal or primary beneficiary under the policy which is evidenced on the Servicemen's Group Life Insurance Election and Certificate.  Nathan P. Goodiron argues that the decedent executed a verbal will under Native American custom in which he left the life insurance proceeds and estate to Nathan P. Goodiron for the purpose of carrying out the wishes of the decedent.

#### 1.     PRINCIPAL BENEFICIARY

In the Servicemen's Group Life Insurance Election and Certificate, the decedent identified the primary beneficiary as "My Trustee Nathan P. Goodiron . . . to Fund a Trust Established for the Benefit of My Children Under My Will."  The Legislative Assembly of North Dakota has codified the requirements for the creation of a valid trust.  See N.D.C.C. § 59-12-02.  Section 59-12-02(1) of the North Dakota Century Code provides:

> A trust is created only if the settlor has capacity to create a trust, the settlor indicates an intention to create the trust, the trust has a definite beneficiary or is a charitable trust . . . ; the trustee has duties to perform; and the same person is not the sole trustee and sole beneficiary.

A beneficiary is deemed to be "definite" if the beneficiary is ascertainable now or in the future. N.D.C.C. § 59-12-02(2).  When construing a beneficiary's interest in a trust, it is necessary to ascertain the settlor's intent.  Eckes v. Richland County Soc. Services, 621 N.W.2d 851, 855 (N.D. 2001).

The language used in the Servicemen's Group Life Insurance Election and Certificate indicates an intent on the part of the decedent to create a trust for the benefit of his "children," with

Nathan P. Goodiron (the decedent's father) acting in a representative capacity as trustee. It is clear that the intended beneficiaries of the trust were to be the decedent's "children." However, it is undisputed that at the time of his death, the decedent was not the father of any children, either biological or adopted. Eileen Goodiron had two children prior to her marriage to the decedent, but it is undisputed that the decedent (Nathan J. Goodiron) was not the father. A stepchild is not considered a "child" under the terms and definitions of the Servicemembers' Group Life Insurance policy. See 38 U.S.C. § 1965(8). Therefore, the designated beneficiaries of the trust are not ascertainable now or in the future. In addition, such a trust would result in Nathan P. Goodiron being the sole trustee and the sole beneficiary. Under North Dakota law, the trust is legally ineffective and invalid, and Nathan P. Goodiron's status as trustee fails as a matter of law.

The status of Nathan P. Goodiron as trustee has a direct impact on his designation as the principal beneficiary under the policy. The decedent identified the primary beneficiary as "My Trustee Nathan P. Goodiron . . . to Fund a Trust Established for the Benefit of My Children Under My Will." This language specifically designated Nathan P. Goodiron as the principal beneficiary of the life insurance policy in a representative capacity as trustee. The fact that Nathan J. Goodiron died intestate (without a will) and that he died with no children renders the beneficiary designation legally ineffective. There are no children that would benefit from the establishment of a trust under the circumstances. The purpose for which the decedent, Nathan J. Goodiron, sought to establish a trust can never be achieved. Because Nathan P. Goodiron's status as the sole trustee and sole beneficiary fails as a matter of law, his designation as the principal beneficiary under the Servicemembers' Group Life Insurance policy also fails.

### 2. VERBAL WILL

Nathan P. Goodiron also contends that the decedent verbally instructed him as to how the decedent wanted the life insurance proceeds distributed in the event of his untimely death. Nathan P. Goodiron contends that Native American tradition and custom recognizes verbal agreements and that verbal agreements or instructions are "wills" which are binding in a court of law.

It is well-established under North Dakota law that a will must be in writing. See N.D.C.C. § 30.1-08-02. North Dakota has not recognized an exception to this general rule. However, the Court is not required to determine the validity of the "will" because it is clear from the record that the decedent provided instructions to Nathan P. Goodiron in the context of Goodiron acting in the capacity of a trustee – to fund a trust for the benefit of the decedent's children under the will. As previously noted, the trust is legally ineffective and invalid as a matter of law. When the decedent died with no biological or adopted children, the purpose of establishing a trust could never be achieved and the validity of any verbal instructions or the existence of a legal "will" is of no relevance or legal significance.

### B. STATUS OF EILEEN GOODIRON

Eileen Goodiron contends that she is entitled to the proceeds of the decedent's life insurance policy as the contingent beneficiary. 38 U.S.C. § 1970(a) specifically provides that Servicemembers' Group Life Insurance proceeds shall be distributed to the beneficiary or beneficiaries of the policy, and if no such beneficiary exists, then to the widow or widower. It is undisputed that Eileen Goodiron is the surviving spouse who was married to the decedent at the time of his death on November 23, 2006.

The Court has determined that Nathan P. Goodiron's status as the trustee and principal beneficiary fails because the decedent died intestate without any children. The only contingent beneficiary identified on the Servicemen's Group Life Insurance Election and Certificate is Eileen Goodiron. The Court, as a matter of law, finds that Eileen Goodiron, as the sole contingent beneficiary and widow, is entitled to the decedent's Servicemembers' Group Life Insurance proceeds and death benefits pursuant to 38 U.S.C. § 1970(a). There are no genuine issue of material fact in dispute. Eileen Goodiron is the sole contingent beneficiary who is lawfully entitled to the entire sum of the death benefits and life insurance proceeds at issue which have previously been deposited by Prudential Life Insurance Company with the federal district court in New Jersey.

## IV.     CONCLUSION

The Court finds that there are no genuine issues of material fact in dispute. The Court further finds, as a matter of law, that the primary designation of a beneficiary in this case is legally void because the decedent, Nathan J. Goodiron, died without a written will and without any biological or adopted children. The evidence is clear and undisputed that Eileen Goodiron, as the designated contingent beneficiary under the decedent's Servicemen's Group Life Insurance Election and Certificate, is entitled to and shall be awarded all death benefits and life insurance proceeds currently held in escrow in the U.S. Bank, Bismarck, North Dakota, together with any accrued interest. Eileen

Goodiron's motion for summary judgment (Docket No. 16) is **GRANTED** and Nathan P. Goodiron's motion for summary judgment (Docket No. 25) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of August, 2008.

>   */s/ Daniel L. Hovland*
>   Daniel L. Hovland, Chief Judge
>   United States District Court